UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| John Anthony<br>      *Plaintiff*<br><br>v.<br><br>Main Street Acquisition Corp.<br>      *Defendant*<br>Serve:<br>      Registered Agents Legal Services<br>      112 N. Curry Street<br>      Carson City, NV 89703 | )<br>)<br>)<br>)<br>)   Case No.   3-15-cv-797-DJH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CLASS ACTION COMPLAINT**
**and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1.  This is an action by a consumer seeking declaratory relief and damages for herself and on behalf of all similarly-situated Kentucky citizens for Defendant Main Street Acquisition Corp.'s violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.  Main Street Acquisition Corp. ("Main Street") filed suit against Mr. Anthony on October 23, 2014 in Madison Circuit Court, Kentucky on an automobile retail sales agreement. At the time it was filed, Main Street's suit was time-barred by the applicable statute of limitations. These and other acts violate the FDCPA. Mr. Anthony seeks damages and declaratory relief both individually and on behalf of a class of all similarly-situated Kentucky citizens.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff John Anthony is a natural person who resides in Jefferson County, Ky. Mr. Anthony is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant Main Street Acquisition Corp. ("Main Street") is a foreign corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Main Street's principal place of business is located at 3715 DaVinci Court, Suite 200, Norcross, GA 30092.

6. Main Street is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

7. On October 23, 2014, Main Street filed a complaint in the Madison Circuit Court (the "State Court Suit") against Mr. Anthony under case number 14-CI-606 in an attempt to collect a defaulted automobile installment sales agreement originated by Citifinancial Auto Credit, Inc. ("Citifinancial"). A copy of the state court complaint is attached hereto as Exhibit "A."

8. The defaulted automobile installment sales agreement concerned a 2007 Pontiac Solstice that Mr. Anthony used exclusively for personal, family, and household purposes, which makes the Citifinancial debt a "debt" within the meaning of the FDCPA.

9. Mr. Anthony was living in Virginia at the time that he purchased the Solstice.

10. Mr. Anthony made the last payment on the Solstice in August 2009.

11. When it became clear that he could no longer afford the payments on the Solstice,

Mr. Anthony voluntary returned the Solstice.

12. Citifinancial sold Mr. Anthony's Solstice at auction in November 2009.

13. Citifinancial sent Mr. Anthony a letter dated November 24, 2009 informing him of the results of the sale and stating that the $18,125.23 was the balance due on the debt.

14. Citifinancial charged off the debt at issue in November 2009.

15. Citifinancial's claim against Mr. Anthony accrued at the earliest in August 2009 when he made his last payment and no later than November 2009, when Citifinancial charged off the debt.

16. Automobile Retail Installment Contracts are governed by Article 2, Sales of the Uniform Commercial Code and/or Installment Sales Contracts, KRS 190.090 *et seq.*, under Kentucky law.

17. Automobile Retail Installment Contracts are governed by Article 2, Sales of the Uniform Commercial Code under Virginia law.

18. The statute of limitations for an action for a breach of contract for sale must be brought within four (4) after the cause action accrued under both Kentucky and Virginia law. KRS 355.2-725(1) and/or KRS 190.124; Va. Code Ann. § 8.2-725.

19. Main Street's rights against Mr. Anthony flow from Citifinancial's rights against Mr. Anthony.

20. Consequently, Main Street brought the State Court Suit more than four years after Citifinancial's cause of action against Mr. Anthony accrued.

21. Main Street's state court complaint against Mr. Anthony is barred by the applicable statute of limitations under both Kentucky and Virginia law.

22. Upon information and belief, Main Street has filed debt collection lawsuits against other Kentucky consumers in which Main Street claims to be the assignee of retail installment contracts originated by Citifinancial and/or other lenders in which Main Street's complaint is barred by the statute of limitations under applicable law.

## CLASS ALLEGATIONS

23. Plaintiff John Anthony brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

24. These persons comprise the following:

**Class:** All Kentucky citizens against whom Defendant Main Street Acquisition Corp. ("Main Street") or its agents, employees, or representatives, within one year of the date of filing this complaint:

**(1)** filed a lawsuit in any District or Circuit Court in the Commonwealth of Kentucky in which

(a) Main Street claimed to be the assignee of an retail installment contract originated by Citifinancial or other lender; and

(b) Main Street filed such suit against the defendant more than four (4) years after the date on which Citifinancial's or other lender's claim accrued.

25. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of the class for Main Street's violations of the FDCPA.

26. This action also seeks actual damages be awarded to Plaintiff under 15 U.S.C. § 1692k(a)(2) for attorney's fees and costs incurred in defending Plaintiff in the State Court Lawsuit.

27. The Class as set out *supra* and so represented by Plaintiff John Anthony in this action, and of which he himself is a member, consists of those persons defined above and each Class is so numerous that joinder of individual members is impracticable.

28. Plaintiff's claims are typical of the claims of each of the Classes as set out *supra*.

29. There are common questions of law and fact for each of the Classes in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all members of the Class have the same issue of law in common: whether Main Street filed suit against each member outside the applicable statute of limitations.

30. There is no known conflict between Plaintiff and any other members of the Class with respect to this action, or with respect to the claims for relief herein set forth.

31. Plaintiff is the representative party for the Class and is able to, and will, fairly and adequately protect the interest of each of the Class.

32. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

33. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

34. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

35. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

36. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the Class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the Class will be effective and appropriate for the entire Class; and all members of the Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

37. The identity of each individual member of the Class can be ascertained from the books and records maintained by Defendant.

38. Because many of the persons who comprise the Class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **CLAIMS FOR RELIEF**

### **Violations of the Fair Debt Collection Practices Act**

39. The above-described actions by Main Street Acquisition Corp. constitute violations of the Fair Debt Collection Practices Act.

40. Defendant Main Street Acquisition Corp.'s violations of the FDCPA include, but are not limited to, the following:

> Main Street violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and/or one or more subsections of each statute by filing suit against Mr. Anthony and members of the Class outside of the applicable statute of limitations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff John Anthony requests the Court grant him relief as follows:

a. Award the maximum amount of statutory damages for each member of the Class provided under 15 U.S.C. §1692k;

b. Award Plaintiff actual damages under 15 U.S.C. §1692k for his costs, fees, and expenses incurred in defending himself against Main Street's State Court Lawsuit.

c. Attorney's fees, litigation expenses and costs;

d. A trial by jury; and

e. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com

**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com